IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICOLE HARTY,                                    3:13-cv-00407-BR

         Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

         Defendant.


JAMES S. COON
Swanson Thomas & Coon & Newton
820 S.W. 2nd Avenue
Suite 200
Portland, OR 97204
(503) 228-5222

        Attorneys for Plaintiff

--------------------------------

   [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of § 205(g) of the Social Security Act, 42
U.S.C. § 405.

1  - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**KATY REIF**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3851

        Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Nicole Harty seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for SSI on March 11, 2010.
Tr. 11, 169.  Her application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on November 9, 2011.  Tr. 11.  At the hearing Plaintiff
was represented by an attorney.  Plaintiff and a vocational
expert (VE) testified at the hearing.  Tr. 11.

The ALJ issued a decision on June 29, 2011, in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 18.  That decision became the final decision of
the Commissioner on January 11, 2013, when the Appeals Council
denied Plaintiff's request for review.  Tr. 1.

## BACKGROUND

Plaintiff was born on October 3, 1982, and was 29 years old
at the time of the hearing.  Tr. 30, 169.  Plaintiff completed a
general equivalency degree.  Tr. 32.

Plaintiff alleges disability since March 16, 2004, due to
hearing problems, lack of bowel control, and memory loss.
Tr. 174.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence except where noted.  *See* Tr. 13-18.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a "mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

4  - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

5  - OPINION AND ORDER

activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser*, 648
F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments.  20 C.F.R.
§ 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§ 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).   The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.   An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"   SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.   20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.   20 C.F.R. § 416.920(a)(4)(v).   *See also Keyser,* 648 F.3d at 724-25.   Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.   *Lockwood v. Comm'r Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.   If the Commissioner meets this burden, the claimant is not disabled.   20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 11, 2010, her application date.  Tr. 13.

At Step Two the ALJ found Plaintiff has the severe impairments of "imperforate anus status post colostomy and conductive hearing loss bilaterally."  Tr. 13.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 13.  The ALJ found Plaintiff can perform light work as defined in 20 C.F.R. § 416.967(c) except:  "(1) [T]he claimant is limited to standing and walking for 2 hour increments, and up to 8 hours in an 8-hour working day; (2) the claimant is limited to sitting for 2 hour increments and up to 8 hours in an 8-hour working day; (3) the claimant should avoid exposure to hazards such as unprotected heights and dangerous machinery; (4) the claimant requires easy access to a restroom; and (5) the claimant requires a work environment that does not include loud noises, such as earth moving equipment and heavy traffic."  Tr. 15.

At Step Four the ALJ concluded Plaintiff has not performed past relevant work.  Tr. 17.

At Step Five the ALJ concluded Plaintiff is able to perform the jobs of housekeeper and garment folder, which exist in the

8  - OPINION AND ORDER

national economy.   Accordingly, the ALJ found Plaintiff has not
been disabled since March 11, 2010.   Tr. 17-18.


## DISCUSSION

Plaintiff contends the ALJ erred (1) by failing at Step Two
to include Plaintiff's alleged cognitive limitation of memory
loss as a medically determinable impairment; (2) by failing at
Step Three to include all of Plaintiff's medically determinable
impairments in the ALJ's evaluation of Plaintiff's RFC; (3) by
improperly rejecting Plaintiff's testimony; and (4) by improperly
rejecting the lay-witness statements of Gabrielle Brie.

## I.   Step Two

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments.   *Stout*, 454 F.3d at
1052.   *See also* 20 C.F.R. § 404.1520(a)(4)(ii).   A severe
impairment "significantly limits" a claimant's "physical or
mental ability to do basic work activities."   20 C.F.R.
§ 404.1521(a).   *See also Ukolov*, 420 F.3d at 1003.   The ability
to do basic work activities is defined as "the abilities and
aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1521(a),
(b).   Such abilities and aptitudes include walking, standing,
sitting, lifting, pushing, pulling, reaching, carrying, handling,
seeing, hearing, speaking; understanding, carrying out, and

remembering simple instructions; using judgment; responding
appropriately to supervision, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe
> only if it is a slight abnormality which has such
> a minimal effect on the individual that it would
> not be expected to interfere with the individual's
> ability to work . . . . [T]he severity regulation
> is to do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could never
> prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

As noted, the ALJ found Plaintiff has the severe impairments
of imperforate anus status post colostomy and conductive hearing
loss bilaterally.  Tr. 13.  Plaintiff, however, asserts the ALJ
erred at Step Two when she failed to address Plaintiff's alleged
cognitive impairment and did not find Plaintiff has the severe
impairment cognitive impairment of memory loss.

The Court finds on this record that there is some evidence
to support Plaintiff's allegations of memory limitations.  For
example, on March 16, 2004, Plaintiff went into cardiac arrest as
the result of a drug overdose, which left her in a "postanoxic
brainstem state."  Tr. 311.  Although approximately one week
after the overdose Plaintiff did not show signs of severe brain
damage, was able to form short-term memories, was able to carry

on conversations with her visitors, remembered long-term events, and asked about events "that happened months to years ago," Plaintiff presented to Wayne Lucke, M.D., on September 15, 2004, complaints of difficulty concentrating and "getting words out." Tr. 298.  Dr. Lucke noted Plaintiff "sometimes hesitates when she expresses herself."  Dr. Lucke also stated even though Plaintiff "expresses herself fairly well," she "has to sometimes concentrate for some of her answers."  Tr. 299.  Furthermore, in September 2009 Volunteers of America[2] performed a mental-status examination of Plaintiff as part of an Initial Psychiatric Evaluation and Treatment Plan.  Tr. 249-52.  The examining provider noted Plaintiff had difficulty remembering dates of events and could not recall why she had taken certain medications or what the effects of those medications were.  Tr. 251.  At that time Plaintiff reported her memory had been impaired since her drug overdose in 2004.  Tr. 251.

Plaintiff's allegations of cognitive impairment are also supported by the lay-witness statement of Gabrielle Brie. Tr. 229-31.  Brie has known Plaintiff for 14 years and spends approximately 3-to-5 hours per day with Plaintiff.  Tr. 188, 229. In an October 23, 2011, letter, Brie stated she noticed Plaintiff "seems to have significant cognitive problems which may be

_____

[2]  The Court notes the name and title of the examining provider is illegible on the report.  See Tr. 252.

11 - OPINION AND ORDER

related to her psycho-emotional issues . . . . For example, we
can be together discussing a subject regarding an important
appointment and a day or so later she will have forgotten what we
talked about. . . . There are huge gaps as to what she
remembers." Tr. 230.

    The Court concludes on this record that the ALJ erred when
she did not address Plaintiff's alleged cognitive impairment
because the ALJ did not provide legally sufficient reasons
supported by substantial evidence in the record for doing so.

**II.  Step Three**

    Although the ALJ included in her evaluation of Plaintiff's
RFC a limitation that Plaintiff requires easy access to a
restroom, Plaintiff also contends the ALJ erred at Step Three by
failing to include a limitation as to the amount of time that
Plaintiff would regularly need to use the bathroom.  In addition,
Plaintiff contends the ALJ erred at Step Three by failing to
include in Plaintiff's RFC the limitations related to Plaintiff's
alleged cognitive impairment of memory loss.

    As noted, the ALJ included in her evaluation of Plaintiff's
RFC the limitation that Plaintiff "requires easy access to a
restroom." Tr. 15.  Although Plaintiff testified she needed
access to a restroom about five times per day, the ALJ pointed
out that Plaintiff also testified she was able to "work in a job
when her employer was understanding of her condition and she had

easy access to a restroom." Tr. 15, 42.  The ALJ also noted
Plaintiff was able in 2004 to cope with her impairment of
imperforate anus and complaints of fecal incontinence and chronic
diarrhea as long "as she was able to get up from group meetings
to use the restroom at will."  Tr. 15, 265.

The Court concludes on this record that the ALJ did not err
when she did not include additional limitations in her evaluation
of Plaintiff's RFC regarding Plaintiff's need to use the restroom
regularly.

As noted, the Court already has found the ALJ erred at Step
Two when she failed to address Plaintiff's alleged cognitive
impairment of memory loss because the ALJ did not provide legally
sufficient reasons supported by substantial evidence in the
record for doing so.  The Court also finds the ALJ's error at
Step Two could affect the ALJ's assessment of Plaintiff's severe
impairments and also could alter the ALJ's findings at Step
Three.

**III. Plaintiff's Testimony**

Plaintiff alleges the ALJ erred by failing to give clear and
convincing reasons for rejecting Plaintiff's testimony as to her
alleged cognitive impairment of memory loss.

In *Cotton v. Bowen* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence

of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.   799 F.2d 1403, 1407 (9th Cir. 1986).   The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.   *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.   *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).   General assertions that the claimant's testimony is not credible are insufficient.   *Id*.   The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."   *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she has had a hard time responding to a friend when asked about things they previously talked about and that Plaintiff uses a notebook to try to keep track of and to remember things.   Tr. 58.   In a Function Report Plaintiff noted her impairments affect, among other things, her ability to talk, remember, complete tasks, concentrate, understand, and follow instructions.   Tr. 201.   Plaintiff explained this response in part as follows:   "I have a hard time

14 - OPINION AND ORDER

remembering due to memory loss." Tr. 201.

As noted, the ALJ did not discuss Plaintiff's alleged cognitive impairment of memory loss and, therefore, did not provide any reasons for discrediting Plaintiff's subjective symptom testimony as to this alleged impairment. Accordingly, the Court concludes the ALJ erred when she rejected Plaintiff's testimony as to Plaintiff's alleged cognitive impairment of memory loss because the ALJ did not provide clear and convincing reasons for doing so.

## IV.  Lay-Witness Testimony

Plaintiff contends the ALJ erred when she discredited the written statements of lay witness Gabrielle Brie.

When determining whether a claimant is disabled, the ALJ must consider lay-witness testimony concerning a claimant's limitations and ability to work. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). If the ALJ wishes to discount the testimony of lay witnesses, he "must give reasons that are germane to each witness." *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). *See also Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)(improperly rejected lay-witness testimony is credited as a matter of law).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited

testimony of a claimant.  *Bayliss v. Barnhart*, 427 F.3d 1211,
1218 (9th Cir. 2005).  *See also Williams v. Astrue*, 493 Fed.
App'x 866 (9th Cir. 2012).

As noted, Brie provided an October 23, 2011, letter in which
she explained her observations as to Plaintiff's memory problems.
Tr. 229-31.  In that letter and in an April 26, 2010, Function
Report, Brie described Plaintiff's symptoms arising from
Plaintiff's condition of imperforated anus, including bouts of
chronic diarrhea.  Tr. 189, 195, 229-30.  Brie stated she
believed Plaintiff's physical and cognitive conditions make it
impossible for Plaintiff "to be a reliable employee at this time
in her life."  Tr. 231.

The ALJ gave "full consideration" to Brie's statements, but
concluded "the medical records do not support the statements that
the claimant would be unable to engage in substantial gainful
activity."  Tr. 16.

As noted, the Court finds the ALJ properly rejected
Plaintiff's testimony regarding the severity of her symptoms
related to her impairment of imperforated anus.  Because Brie's
statements generally repeat Plaintiff's testimony, the Court
concludes the ALJ did not err when she rejected Brie's statements
as to these symptoms.

The ALJ, however, failed to address Plaintiff's alleged
cognitive impairment of memory loss at all, and, therefore, the

extent to which the ALJ considered Brie's statements regarding this alleged impairment is unclear.  Accordingly, the Court concludes the ALJ erred when she rejected Brie's statements regarding Plaintiff's alleged cognitive impairment because the ALJ did not provide germane reasons for doing so.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178.  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary because it is unclear whether the ALJ would have found Plaintiff can perform her past relevant work or could perform other work that exists in significant numbers in the national economy if the ALJ had determined Plaintiff suffers from the additional severe cognitive impairment of memory loss at Step Two and included that impairment in her evaluation of Plaintiff's RFC.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ (1) to determine whether Plaintiff has the additional medically determinable impairment of memory difficulty and, if so, whether that impairment would result in additional limitations in Plaintiff's RFC; (2) to reconsider Plaintiff's credibility with respect to her subjective descriptions of the intensity, persistence, and limiting effects of her impairments in light of any additional severe impairment that the ALJ may conclude is medically determinable; (4) to reconsider the credibility of lay-witness statements with respect to the limiting effects of Plaintiff's impairments in light of any additional severe impairment the ALJ may conclude is

medically determinable; and (5) to reconsider whether any new findings that the ALJ may make at Steps Two and/or Three alter the ALJ's evaluation of Plaintiff's RFC and affect the ALJ's determination as to whether Plaintiff is capable of performing other work that exists in significant numbers in the national economy.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 28 day of April, 2014.

_____
ANNA J. BROWN
United States District Judge